**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**DOROTHY ADAMS, as Personal Representative
of the Estate of Dorothy Bailey, deceased
and on behalf of the wrongful death
beneficiaries of Dorothy Bailey**                                  **PLAINTIFF**

**v.**                     **NO. 5:06CV00066WRW**

**PATHFINDER HEALTHCARE, INC.
d/b/a PATHFINDER HEALTHCARE
CENTER, et al.**                                                                  **DEFENDANTS**

**ORDER**

Pending is Plaintiff's Motion to Remand (Doc. No. 13). Defendants have responded (Doc. Nos. 18, 20) and Plaintiff has replied (Doc. No. 21).

Plaintiff asserts claims under Arkansas law only, and there is neither federal nor diversity jurisdiction. However, Defendants contend that this Court has jurisdiction over this case because Defendant LTC-Systems/RX, LLC is the court-appointed receiver for Pine Bluff Nursing Home.

Without a federal cause of action, this case does not arise under federal law unless the Plaintiff's right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties.[1] In *Mesa v. California*,[2] the Supreme Court reviewed removal jurisdiction and held:

> Section 1442(a), in our view, is a pure jurisdictional statute, seeking to do nothing more than grant district court jurisdiction over cases in which a federal officer is a defendant. Section 1442(a), therefore, cannot independently support Art. III "arising under" jurisdiction. Rather, it is the raising of a federal question in the officer's removal petition that constitutes the federal law under which the action against the federal officer arises for Art. III purposes. The removal statute itself merely serves

---

[1] *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 860 (8th Cir. 2002).

[2] *Mesa v. California*, 489 U.S. 121, 136-137 (1989) (internal citations omitted).

>to overcome the "well-pleaded complaint" rule which would otherwise preclude removal even if a federal defense were alleged.

Defendants argue that the presence of a federally-appointed receiver in the lawsuit is sufficient to create a federal question to warrant removal. Plaintiff's claims are based on Separate Defendant's medical negligence, violations of the Long Term Care Resident's Rights Statute,[3] and felony neglect of an endangered adult.[4] Plaintiff seeks relief from Separate Defendants directly for their involvement in controlling the operation, planning, management and quality control of Pine Bluff Nursing Home. In sum, Plaintiff is seeking damages against the receiver directly for the receiver's alleged tortious conduct despite Defendants' argument that Plaintiff is seeking damages against the assets held by the receiver. Separate Defendants' status as Court-appointed receivers does not create original jurisdiction in federal court. In other words, the fact that the defendant is a federal receiver does not make the cause removable 'upon the ground that it was a case arising under the Constitution and laws of the United States.'[5]

In *Ruff*, Ruff filed suit in state court against Gay, the receiver of a railroad appointed by a Federal District Court, for the wrongful death of his son as a result of the negligent operation of a train by employees of the receiver. Gay sought to remove the action to federal court. Justice Brandeis concluded that the "only relation to the federal law is that the receiver sued was appointed by a federal court . . . ."[6] The *Ruff* Court stated that its opinion was, "in harmony with the trend of

---

[3] Ark. Code Ann. § 20-10-1204 *et seq.*

[4] Ark. Code Ann. § 16-118-107.

[5] *Gay v. Ruff*, 292 U.S. 25, 34 (1934) (*quoting Gableman v. Peoria, Decatur & Evansville Ry. Co.*, 179 U.S. 335 (1900)).

[6] *Id.* at 34.

legislation providing that the federal character of the litigant should not alone confer jurisdiction upon a federal court,"[7] and was not enough to sustain the receiver's petition for removal.

Under *Ruff*, this Court lacks subject matter jurisdiction; therefore, Plaintiff's Motion to Remand (Doc. No. 13) is GRANTED. Accordingly, this case is REMANDED and the Clerk of the Court is ordered to remand this case to Jefferson County Circuit Court. Plaintiff's Motion to Amend (Doc. No. 20) is DENIED without prejudice.

IT IS SO ORDERED this 8th day of May, 2006.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE

---

[7]*Id*. at 35.